IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
September 27, 2011 Session

## ASATA D. LOWE v. JAMES FORTNER, WARDEN

**Appeal from the Circuit Court for Blount County**
**No. C-18295    David R. Duggan, Judge**

———————————

**No. E2011-00048-CCA-R3-HC - Filed March 30, 2012**

———————————

The Petitioner, Asata D. Lowe, was convicted by a Blount County jury of two counts of first degree premeditated murder, two counts of felony murder in the perpetration of a robbery, two counts of felony murder in the perpetration of a theft, one count of especially aggravated robbery, and one count of theft.   Lowe subsequently filed a petition for a writ of habeas corpus in the Blount County Circuit Court, which was dismissed after a hearing.  On appeal, Lowe argues that the judgments are void because numerous constitutional errors deprived the trial court of authority to try and sentence him.  He asserts that his right to a fair trial was violated by the State's failure to disclose evidence and the trial court's failure to instruct the jury properly, that his Fourth Amendment rights were violated by the seizure and admission at trial of evidence, that his right to the effective assistance of counsel was violated by his counsel's performance at trial, and that his right against double jeopardy and due process rights were violated by multiplicitous indictments.  Upon review, we affirm the judgment of the habeas court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and NORMA MCGEE OGLE, J., joined.

Andy Long, Maryville, Tennessee, for the Petitioner-Appellant, Asata Lowe.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Senior Counsel; Michael L. Flynn, District Attorney General; and  Rocky Young, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Background.** Following trial, the court merged the felony murder convictions with the first degree premeditated murder convictions. It also merged the theft conviction with the especially aggravated robbery conviction. Lowe received two concurrent life sentences without the possibility of parole for his murder convictions. For especially aggravated robbery, he received a sentence of twenty-five years, to be served consecutively to the life sentences.

Lowe argued on direct appeal, among other things, that (1) the trial court failed to instruct the jury on lesser included offenses, (2) the trial court erred in admitting an ammunition magazine into evidence, (3) his convictions for especially aggravated robbery and theft violated his right against double jeopardy, and (4) the indictment was constitutionally defective. State v. Asata Lowe, No. E2000-01591-CCA-R3-CD, 2002 WL 31051631, at *1 (Tenn. Crim. App., at Knoxville, Sept. 16, 2002), perm. app. denied (Tenn. Feb. 3, 2003). This court affirmed the judgment of the trial court. Id. Lowe also filed a petition for post-conviction relief claiming that newly discovered evidence of flaws in an expert's trial testimony and analysis of bullet lead entitled him to relief, that the State violated the mandate of Brady v. Maryland in failing to turn over a witness's bloody shorts and to disclose a deal it reached with a witness and that his trial counsel rendered ineffective assistance of counsel. Asata Lowe v. State, No. E2006-02028-CCA-MR3-PC, 2008 WL 631169, at *1 (Tenn. Crim. App., at Knoxville, Mar. 10, 2008), perm. app. denied (Tenn. Aug. 25, 2008). The post-conviction court denied relief, and this court affirmed the post-conviction court's judgment on appeal. Id.

In Lowe's first petition for writ of habeas corpus, he argued that the judgments of conviction were void based on the ineffective assistance of his trial counsel, "other alleged errors at trial," and because the statutes proscribing first degree murder and especially aggravated robbery were unconstitutional as a violation of his right to commit such acts. Asata D. Lowe v. State, No. M2009-00444-CCA-R3-HC, 2010 WL 143781, at *1 (Tenn. Crim. App., at Nashville, Jan. 13, 2010). The habeas court summarily dismissed the petition, and this court affirmed the habeas court's judgment because Lowe "fail[ed] to assert a cognizable claim for which habeas corpus relief may be granted." Id.

Lowe filed the instant petition for writ of habeas corpus and was appointed counsel. After a hearing, the habeas court dismissed the petition, and this timely appeal followed.

**Analysis.** On appeal, Lowe argues that "he is being illegally restrained of his liberty due to the fact that the trial court lacked the authority to convict and sentence him due to the violations of [his] constitutional rights that occurred at the trial of this cause." Specifically, he alleges that (1) Brady violations committed by the State deprived him of his constitutional right to a fair trial, (2) the trial court's failure to instruct the jury on lesser included offenses

-2-

deprived him of his constitutional right to a fair trial, (3) the seizure and subsequent admission at trial of an ammunition magazine deprived him of his Fourth Amendment rights, (4) his counsel's performance at trial deprived him of his constitutional right to the effective assistance of counsel, and (5) multiplicitous indictments deprived him of his constitutional right against double jeopardy and his due process rights.[1] The State responds that the habeas court properly dismissed Lowe's petition. We agree with the State.

"The determination of whether habeas corpus relief should be granted is a question of law." Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Therefore, our review of the habeas corpus court's decision is de novo. Hart, 21 S.W.3d at 903.

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. See also T.C.A. §§ 29-21-101 to -130. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999).

> "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired."

Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. 326, 337 (1868)). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64). However, as the Tennessee Supreme Court stated in Hickman v. State:

> [A] voidable judgment is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances.

---

[1]Lowe raised a number of additional claims before the habeas court. Those claims not raised on appeal, however, are waived.

Hickman v. State, 153 S.W.3d 16, 24 (Tenn. 2004) (internal citations, quotations, and emphasis omitted); see also Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). If this burden is met, the petitioner is entitled to immediate release. State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986) (citing Ussery v. Avery, 432 S.W.2d 656, 658 (Tenn. 1968)).

Here, the habeas court properly dismissed the petition because it failed to state a cognizable claim for relief. An alleged failure to disclose evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963), is not a proper basis for a habeas corpus petition. Ronald Eugene Gilmore v. Kenneth Locke, Warden, No. M2005-01235-CCA-R3-HC, 2006 WL 1097493, at *3 (Tenn. Crim. App., at Nashville, Mar. 30, 2006). Nor is a trial court's failure to instruct a jury concerning lesser included offenses cognizable in a petition for a writ of habeas corpus. "Although the failure to instruct on appropriate lesser included offenses is indeed an error of constitutional magnitude, omission of instructions on lesser included offenses renders the conviction voidable rather than void." Mathis T. Vaughn v. James Worthington, Warden, No. E2007-00808-CCA-R3-HC, 2008 WL 58956, at *2 (Tenn. Crim. App., at Knoxville, Jan. 4, 2008) (internal citations omitted); see also Kevin O. Hooks v. Steven Dotson, Warden, No. W2009-02630-CCA-R3-HC, 2010 WL 2787694, at *2 (Tenn. Crim. App., at Jackson, July 15, 2010) (holding that a claim based on jury instructions is not cognizable in habeas corpus proceedings). Similarly, claims of Fourth Amendment violations do not result in void judgments and are not cognizable under habeas corpus review. See Archer, 851 S.W.2d at 160 n.2 (citing Stone v. Powell, 428 U.S. 465 (1976)); Ortega Wiltz v. Howard Carlton, Warden, No. E2010-02091-CCA-R3-HC, 2011 WL 2410337, at *2 (Tenn. Crim. App, at Knoxville, June 10, 2011) ("[A]n allegation that evidence was unlawfully obtained in violation of the Fourth Amendment would merely render such judgments voidable, not void."). Claims of ineffective assistance of counsel likewise are inappropriate for habeas corpus review. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994) ("When a prisoner contends that he was denied the constitutional right to the effective assistance of counsel, the judgment is voidable, not void . . . ."). Finally, a challenge to the indictments based on their multiplicitous nature could result only in a voidable judgment and is not cognizable in a habeas corpus proceeding. See Anthony Bowen v. Howard Carlton, Warden, No. E2007-01845-CCA-R3-HC, 2008 WL 450630, at *3 (Tenn. Crim. App., at Knoxville, Feb. 20, 2008) (citing Gary Lynn Vernon v. Jim Dickman, Warden, No. M2003-02268-CCA-R3-HC, 2004 WL 1778480, at *2 (Tenn. Crim. App., at Nashville, Aug. 9, 2004)), perm. app. denied (Tenn. May 5, 2008).

Additionally, we note that several of the claims Lowe raises in the current petition were previously decided in earlier proceedings. See Asata Lowe, 2002 WL 31051631, at *14-17 (holding that trial court's failure to charge lesser included offenses was harmless error); Asata Lowe, 2008 WL 631169, at *23-26, 27-30 (denying claim for post-conviction relief based on alleged violation of Brady v. Maryland and ineffective assistance of counsel). The Tennessee Supreme Court has held that pursuant to the law of the case doctrine, an appellate court may not consider issues that have been previously determined on appeal. Memphis Publ'g Co. v. Tenn. Petroleum Underground Storage Tank Bd., 975 S.W.2d 303, 306 (Tenn. 1998) ("[U]nder the law of the case doctrine, an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal."). Even if these claims were cognizable under a petition for writ of habeas corpus, the law of the case doctrine would therefore preclude our review of the issues Lowe previously raised on appeal.

Because Lowe included the entire record of his case, including the post-conviction hearing transcript, as an exhibit to the current habeas petition, he argues that the errors, and therefore the lack of the trial court's authority, are apparent "upon the face of the judgment or the record of the proceedings upon which the judgment is rendered." Archer, 851 S.W.2d at 164. This argument is misplaced. Habeas review does not encompass records of later proceedings, such as post-conviction hearings, that serve to challenge the judgment by developing facts not in the record of the trial proceedings. See State v. Ritchie, 20 S.W.3d 624 (Tenn. 2000) (limiting habeas review to the face of the judgment and the "original trial record"). Furthermore, the writ of habeas corpus in Tennessee has long been considered not to apply to general claims of error and broad collateral attacks such as those Lowe raises here. See Archer, 851 S.W.2d at 161-64 (discussing the history of the application of habeas corpus in Tennessee and the development of post-conviction procedures to provide for a collateral attack on convictions that were properly denied under narrower habeas proceedings); Potts, 833 S.W.2d at 62 (contrasting habeas corpus and post-conviction relief).

Lowe has not established that his judgment is void or his sentence has expired. Accordingly, the habeas court's dismissal of the petition for a writ of habeas corpus relief was proper.

**CONCLUSION**

We affirm the dismissal of the petition for writ of habeas corpus.

_____
CAMILLE R. McMULLEN, JUDGE